**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT CARPINO<br>126 Sandra Avenue<br>Willow Grove, PA 19090 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : | DOCKET NO.: _____ |
| v. | : <br> : | |
| THE GIANT COMPANY, LLC<br>d/b/a GIANT<br>6100 S. Yale Avenue #1200<br>Tulsa, OK 74136 | : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : | |

## CIVIL ACTION COMPLAINT

Robert Carpino (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against The GIANT Company d/b/a Giant. (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq*.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601, *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and retaliation, culminating in his termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year from the date of dual-filing with the EEOC before he can plead his claims arising under the PHRA. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror his federal claims under the ADA.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights violations under the ADA and the FMLA. There lies supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a regional supermarket chain. Defendant is organized under the laws of the State of Delaware with a principal place of business in Carlisle, PA.

9. Defendant operates supermarket locations throughout Pennsylvania, Maryland, Virginia, and West Virginia, including locations within Bucks County and Montgomery County, PA, at which it employed Plaintiff.

10. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a 62-year-old male with a history of chronic depression and anxiety disorder and other related health disorders.

13. Defendant hired Plaintiff in or about September 2020 as an Hourly Manager Trainee.

14. At all times relevant herein, Jason Hadwin (hereinafter "Mr. Hadwin") served as Defendant's District Manager for each location Plaintiff worked.

15. Plaintiff's aforementioned disabilities are long-term and permanent and have required treatment and therapy including Intense Outpatient Program, Transcranial Magnetic Stimulations, and medication.

16. Plaintiff's aforesaid disabilities (at times) limit him from performing daily life activities, such as for example: sleeping; communicating/interacting with other people; storing and recalling items from memory; and processing new information quickly.

17. Plaintiff only disclosed these disabilities to Defendant after being hired.

18. In or about January 2021, Defendant assigned Plaintiff to work in the Giant in Souderton, PA (hereinafter "Souderton Giant") to continue his training.

19. A short time later, in or about February 21, 2021, Defendant assigned Plaintiff to work in the Giant in Perkasie, PA (hereinafter "Perkasie Giant") as an Assistant Manager.

20. Early in Plaintiff's employment with Defendant (2020 and 2021), he required time off from work because of his disabilities (including time off to attend medical appointments and therapy).

21. While Defendant generally allowed Plaintiff to take time off, Defendant's management began treating Plaintiff with increased hostility and scrutiny as time went on because of his disabilities and need for reasonable accommodations at times.

22. Approximately seven (7) days after being placed as an Assistant Manager, Plaintiff requested a block medical leave due to his disabilities. In total, Plaintiff was out of work from March 1, 2021 through July 12, 2021 and was placed on short-term disability.

23. Upon his return to work, Defendant placed Plaintiff back at the Souderton Giant as a "back-up" Assistant Manager.

24. A few months after returning to work from his aforesaid medical leave of absence, Defendant assigned Plaintiff to the Giant location in Maple Glenn, PA (hereinafter "Maple Glenn Giant") as an Assistant Manager.

25. Plaintiff again shared his disability status and need for accomodations with Maple Glenn Giant management.

26. For the first time, Defendant (through its store manager, Rosemary Babyak) raised purported performance "concerns" with Plaintiff including that he lacked clear and

adequate communication, struggled with technology, and failed to perform overall managerial functions.

27. Plaintiff disputed these fabricated concerns and explained to Mr. Hadwin and Defendant's Human Resources Business Partner Stephen O'Halla (hereinafter "Mr. O'Halla") that he was experiencing hostility and indifference from his management team.

28. As a result of the continued hostility and scrutiny from Ms. Babyak, Plaintiff requested a transfer.

29. In or about December 2021, Defendant transferred Plaintiff to the Giant located in New Britain, PA ("New Britain Giant").

30. Upon his transfer, Plaintiff again disclosed his disabilities and requests for accommodations to his new store manager, Peter Jaroski (hereinafter "Mr. Jaroski"), because of his anticipated need for continued accomodations.

31. Specifically, Plaintiff asked Mr. Jaroski for occasional days off to attend treatment/therapy and for slight schedule modifications including a consistent schedule that would allow him to sleep so as not to exacerbate his symptoms.

32. Plaintiff's aforesaid accommodation requests (made to Mr. Jaroski) were obliged sporadically at best and often ignored or denied outright.

33. Following his requests for reasonable accommodations (discussed in Paragraphs 30 and 31 of the instant Civil Action Complaint), Defendant placed Plaintiff on an unwarranted and pretextual Performance Improvement Plan (hereinafter "PIP") in or about January 2022.

34. In connection with presenting Plaintiff with the PIP (discussed *supra*), Mr. Hadwin and Mr. O' Halla made direct discriminatory remarks to Plaintiff and stated words to the effect of "I don't think you can do your job with all your health issues going on."

35. On or about March 15, 2022, Plaintiff requested intermittent FMLA leave for up to three days per month due to his aforementioned disabilities. Mr. Jaroski appeared frustrated with Plaintiff's request and told him that "no other manager had ever requested this."

36. Defendant never provided Plaintiff with notification of their approval or denial of his aforesaid intermittent leave request, thus effectively denying his request and interfering with his FMLA rights.

37. On or about April 29, 2022, Defendant informed Plaintiff that he did not successfully complete the PIP, that he was being terminated from his Assistant Manager position and that the only available work was as a non-supervisory, non-exempt clerk at a different location.

38. After being informed that he was being terminated from his Assistant Manager position and only offered a significantly demoted role (discussed *supra*), Plaintiff requested time to consider Defendant's "offer" and requested to speak with Defendant's Head of Team Relations Debra Franklin (hereinafter "Ms. Franklin").

39. On or about May 12, 2022, Plaintiff met with "Ms. Franklin" and complained that he had never received any negative feedback during training, and that the increased hostility, scrutiny, and fabricated performance issues only came to light after he took a medical leave of absence. Plaintiff also complained that nobody at Defendant cared about his mental health issues, that he had been denied accommodations and that he was requesting a transfer to a different store/region as a salaried manager.

40. A few days later on or about May 15, 2022, Plaintiff requested a four-month continuous leave of absence for his aforementioned disabilities between May 9, 2022, and August 1, 2022.

41. On or about July 30, 2022, Plaintiff submitted a letter to Giant informing them he was medically cleared to return to work on August 1, 2022.

42. Plaintiff also confirmed that he had been terminated as an Assistant Manager on April 29, 2022 and that unless Defendant had reconsidered, he could not survive on the significantly lower pay of a non-exempt clerk..

43. On August 12, 2022, Defendant sent Plaintiff a letter notifying him of his termination which stated "[w]e have accepted your resignation;" However, Plaintiff terminated from his role as Assistant Store Manager and only offered a job where he would lose roughly $360 per week in income; (b) receive no bonus incentive; (c) perform an inferior role subject to the same mistreatment by the same management; and (d) be subject to different hours and inconsistent work.

44. Therefore, Plaintiff asserts that he was terminated/constructively terminated from his position with Defendant.

45. Defendant noted in the aforesaid August 12, 2022 termination letter that Plaintiff would receive notification under separate cover as applicable including a "COBRA notification from Mercer regarding your rights for continued health care coverage will be sent within 30 days after your termination as provided by law."

46. At the time of his termination, Plaintiff was a member of Defendant's group health plan, had signed up for and paid his portion of all applicable premiums, and otherwise fully complied with all requirements under Defendant's health plan.

47. ERISA § 601, 29 U.S.C. §1161 requires the plan sponsor for every group health plan to notify each qualified beneficiary of their right to elect continuation coverage under the

plan in the event of a qualifying event such as the termination of the covered employee's termination.

48. On or about September 23, 2022, Plaintiff learned that Defendant had stopped his medical coverage with no advance notice and neither Defendant (nor any Third-Party Administrator) provided Plaintiff with the required statutory notice.

49. ERISA § 502(c)(1) imposes a penalty of up to $110.00 per day for each day (in excess of 30 days) that the required COBRA notice is not provided.

50. Defendant's failure and refusal to provide Plaintiff with the required COBRA notice subjects caused Plaintiff damages and subjects Defendant to penalties under ERISA § 502(c)(1).

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Disability Discrimination; [2] Retaliation;
[3] Failure to Accommodate; and [4] Hostile Work Environment)

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. Plaintiff was subjected to a hostile work environment because of his actual/perceived/record of disabilities and/or in retaliation for engaging in protected activity under the ADA through demeaning/derogatory treatment, pretextual admonishment, and/or discriminatory comments.

53. The aforesaid hostile work environment became unbearable to the point that Plaintiff had to take a medical leave of absence because such treatment was significantly impacting his mental health conditions.

54. Plaintiff avers that his known and/or perceived disabilities and/or his record of impairment were motivating and/or determinative factors in the decision to issue Plaintiff a PIP,

terminate him from the position of Assistant Store Manager and/or terminate/constructively terminate his employment.

55. Plaintiff also avers that he was terminated and/or constructively terminated in retaliation for requesting reasonable accommodations under the ADA.

56. In addition to the foregoing, Plaintiff also asserts the Defendant failed to engage in the interactive process and accommodate Plaintiff's accommodation requests (discussed *supra*) and instead terminated him to avoid having to do the same.

57. Defendant's unlawful discrimination and retaliation constitutes violations of the ADA.

## COUNT II
### Violations of the Family and Medical Leave Act ("FMLA")
**(Interference and Retaliation)**

58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59. Plaintiff was FMLA eligible under all aspects of the FMLA in 2022, and he requested intermittent FMLA on or around March 15, 2022, Plaintiff requested intermittent FMLA leave for up to three days per month due to his disabilities.

60. Mr. Jaroski was clearly frustrated with Plaintiff's aforesaid request for intermittent FMLA and told Plaintiff that "no other manager had ever requested this."

61. Defendant never provided Plaintiff with notification of their approval or denial of his aforesaid requested intermittent leave, thus effectively denying his request and interfering with his FMLA rights.

62. Defendant committed interference and retaliation violations of the FMLA by *inter alia*: (1) considering Plaintiff's FMLA leave/needs in making the decision to terminate him from

his position as Assistant Store Manager; (2) considering Plaintiff's FMLA leave/needs in making the decision to only offer him a significant demotion to a clerk; (3) considering Plaintiff's FMLA leave/needs in terminating/constructively terminating his employment; (4) terminating Plaintiff from his position as Assistant Store manager in retaliation for requesting and/or utilizing FMLA leave; (5) only offering Plaintiff a significant demotion to a clerk in retaliation for requesting and/or utilizing FMLA leave; (6) terminating/constructively terminating Plaintiff from requesting and/or utilizing FMLA leave; (7) terminating/constructively terminating Plaintiff's employment in order to prevent him from using FMLA leave in the future; and/or (8) taking actions towards Plaintiff that would dissuade a reasonable person from exercising his rights under the FMLA.

63. Plaintiff believes and therefore avers that his requests and/or utilization of FMLA were motivating or determinative factor[s] in Defendant's decisions to (a) terminate him from his position as Assistant Store Manager; (b) only offering him a significant demotion to a store clerk; and/or (c) terminating/constructively terminating his employment.

## COUNT III
### Violations of ERISA
**(Failure to Provide COBRA Notification)**

64. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

65. In its termination letter, Defendant stated that Plaintiff would receive notification under separate cover as applicable including a "COBRA notification from Mercer regarding your rights for continued health care coverage will be sent within 30 days after your termination as provided by law."

66. At the time of his termination, Plaintiff was a member of Defendant's group health plan, had signed up for and paid his portion of all applicable premiums, and otherwise fully complied with all requirements under Defendant's health plan.

67. ERISA § 601, 29 U.S.C. §1161 requires the plan sponsor for every group health plan to notify each qualified beneficiary of their right to elect continuation coverage under the plan in the event of a qualifying event such as the termination of the covered employee's termination.

68. On or about September 23, 2022, Plaintiff learned that Defendant had stopped his medical coverage with no advance notice and neither Defendant (nor any Third-Party Administrator) provided Plaintiff with the required statutory notice at any time.

69. ERISA § 502(c)(1) imposes a penalty of up to $110.00 per day for each day (in excess of 30 days) that the required COBRA notice is not provided.

70. Defendant's failure and refusal to provide Plaintiff with the required COBRA notice subjects caused Plaintiff damages and subjects Defendant to penalties under ERISA § 502(c)(1).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.

Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hand of Defendant until the date of verdict;

  C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

  D. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

  E. Plaintiff is to be awarded statutory penalties and damages under ERISA § 502(c)(1);

  F. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

  G. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

  H. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

  I. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

       Respectfully submitted,

       **KARPF, KARPF & CERUTTI, P.C.**

By: _____

       Ari R. Karpf, Esq.
       3331 Street Road
       Two Greenwood Square
       Building 2, Ste. 128
       Bensalem, PA 19020
       (215) 639-0801

Dated: April 10, 2023

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Robert Carpino | : | CIVIL ACTION |
| v. | : | |
| The Giant Company, LLC d/b/a Giant | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　(X)

| 4/10/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 126 Sandra Avenue, Willow Grove, PA 19090

Address of Defendant: 6100 S. Yale Avenue, #1200, Tulsa, OK 74136

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/10/2023    _____    ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 4/10/2023    _____    ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CARPINO, ROBERT

### DEFENDANTS
THE GIANT COMPANY, LLC D/B/A GIANT

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Tulsa
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | / 380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | | |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | / 555 Prison Condition | | | |
| | / 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE:
DOCKET NUMBER:

DATE: 4/10/2023

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

Print   Save As...   Reset